```
IN THE UNITED STATES DISTRICT COURT
  FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WESTFIELD INSURANCE COMPANY,     :
                                 :
              Plaintiff,         :   CIVIL ACTION
                                 :
     v.                          :   No. 10-03066
                                 :
CYNTHIA WERTZ, et al.,           :
                                 :
              Defendants.        :
```

**MEMORANDUM OF LAW**

**Joyner, J.**                                          **May 24, 2011**

Presently before the Court is Defendants Stephen Chesna and Diane Chesna's Motion Pursuant to Rule 12(b)(1) to Dismiss for Lack of Subject-Matter Jurisdiction (ECF No. 9). This Court has jurisdiction over this action under 28 U.S.C. § 1332. For the following reasons, the Motion shall be denied.

I.   BACKGROUND

Plaintiff Westfield Insurance Company ("Westfield") filed this action for a declaratory judgment that it has no duty to indemnify or defend David and Cynthia Wertz (collectively, the "Wertz Defendants") against a lawsuit brought in state court by Stephen and Diane Chesna (collectively, the "Chesna Defendants").

In the personal injury action underlying the instant coverage dispute, the Chesna Defendants allege that they were injured in an automobile accident caused by the Wertz Defendants' negligent conduct, including Ms. Wertz's decision to drive while intoxicated.

At issue in the present case is a business auto insurance policy issued by Westfield to Mr. Wertz's employer, T.H. Properties. Under that policy, Westfield is obligated to defend and indemnify its "insured," defined in pertinent part as someone using a covered auto with permission. Westfield contends that as Ms. Wertz was not operating the vehicle with the permission of T.H. Properties, she and Mr. Wertz are not "insureds" entitled to coverage under the policy.

The Chesna Defendants filed the instant motion to dismiss, arguing that this Court should decline to exercise its jurisdiction under the Declaratory Judgment Act. Westfield and the Wertz Defendants[1] have now responded and the matter is ripe for disposition.

## II.  LEGAL STANDARD

The Declaratory Judgment Act provides in relevant part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[J]urisdiction conferred by the Act [is] discretionary, and district courts [are] under no compulsion to exercise it." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) (citing

---

[1]  The Wertz Defendants are proceeding pro se before this Court. Subject to a reservation of rights, Westfield has provided defense counsel for the Wertz Defendants in the ongoing state court action.

2

Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942)). The Supreme Court has instructed that district courts "should ascertain whether the questions in controversy between the parties to the federal suit . . . can better be settled in the proceedings pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there." Brillhart, 316 U.S. at 495. In evaluating whether to exercise jurisdiction under the Act, courts should consider four factors:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation; and
>
> (4) the availability and relative convenience of other remedies.

United States v. Pa. Dep't of Envtl. Res., 923 F.2d 1071, 1075 (3d Cir. 1991). Furthermore, in the insurance coverage context, district courts should consider the following relevant considerations:

> 1. A general policy of restraint when the same issues are pending in a state court;
>
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
>
> 3. Avoidance of duplicative litigation.

Id. at 134 (Pa. Dep't of Envtl. Res., 923 F.2d at 1075-76). The Third Circuit has advised, moreover, that district courts should be hesitant to exercise jurisdiction over declaratory judgment actions both when "the state law involved is close or unsettled," id. at 135, and when "the state law is firmly established," id. at 136.

**III. DISCUSSION**

In their motion to dismiss, the Chesna Defendants argue that this Court should decline to exercise jurisdiction over Westfield's declaratory judgment action in light of the factors set forth by the Third Circuit. Westfield responds that our exercise of jurisdiction over this matter is warranted under the applicable legal standards.[2]

We have considered this case in light of all of the factors suggested by the Supreme Court and Third Circuit, and have set forth a brief analysis below.

### A. A general policy of restraint when the same issues are pending in state court

The Third Circuit has held that a district court should be hesitant to exercise jurisdiction where a state court case is

---

[2] Westfield also argues that we should take into consideration the Wertz Defendants' response in opposition to the motion to dismiss. Although we recognize that the Wertz Defendants filed an "Answer" that "request[s] that the Motion to Dismiss be denied," we note that the filing does not include any legal argument and does not evidence any understanding by the Wertz Defendants of the legal position they adopted. (See ECF No. 14 ("Answer of Defendants Cynthia Wertz and David Wertz to Motion to Dismiss of Defendants Stephen Chesna and Diane Chesna").) Accordingly, this filing does not weigh heavily in our decision.

pending on the same issues. Summy, 234 F.3d at 136. In Summy, an insurance company sought a declaratory judgment in federal court that an insurance policy's pollution exclusion precluded coverage of a lawsuit filed on behalf of a child poisoned by lead paint in his home. Id. at 131-32. After the federal action was filed, the insured filed a parallel declaratory judgment action in state court. Id. at 131. The Third Circuit found that as there was a pending state court declaratory judgment action mirroring the federal action, and as the underlying personal injury action also dealt with the same legal issues and scientific evidence, the cases could have been and should have been resolved efficiently at the state level, without interference from the federal courts. Id. at 135-36.

Here, unlike in Summy, there is no parallel declaratory judgment action in state court. Furthermore, the federal and state actions do not share the same underlying evidence or legal theories. The state court lawsuit is a negligence action seeking damages for personal injuries suffered by the Chesna Defendants in a motor vehicle collision allegedly caused by Ms. Wertz. As state court plaintiffs, the Chesna Defendants claim that Ms. Wertz, who is alleged to have been intoxicated at the time of the accident, failed to stop at a stop sign. Mr. Wertz is alleged to have negligently entrusted the vehicle to his wife, knowing her to be intoxicated. The dispute at issue in Westfield's

5

declaratory judgment action, by contrast, is whether Mr. Wertz's employer, T.H. Properties, gave Ms. Wertz permission to use the vehicle.

The two actions thus present distinct legal issues arising from different factual backgrounds. Any factual overlap between the two cases is not significant. As such, this factor weighs in favor of our exercising jurisdiction over the declaratory judgment action.

**B.  An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion**

Westfield argues that no conflict of interest exists because unlike in the federal action, the parties are not litigating the issue of permissive use in state court. We agree.

In Terra Nova Insurance Co. v. 900 Bar, 887 F.2d 1213 (3d Cir. 1989), the Third Circuit recognized the conflict of interest that could arise if "'the same factual question' lies at the heart of both an insurance coverage dispute and the underlying tort action." Id. at 1225. However, the court found in that case that there was no conflict of interest between the insurance company's putative duty to defend and its interest in avoiding coverage because "[t]here was no need for the district court to investigate or determine any facts at issue in the state fora to

6

decide the coverage question." Id. at 1226.

Likewise, here, the facts at issue in the state action are not at issue in the declaratory judgment action. Therefore, there is no danger that Westfield will "establish facts in the declaratory judgment action that could prejudice its insured in the state court suit[]." Id. This factor thus weighs in favor of our exercise of jurisdiction over Westfield's declaratory judgment action.

### C. Avoidance of duplicative litigation

The Chesna Defendants argue that Westfield's federal action is duplicative of the state court litigation. Westfield responds that the two actions address distinct legal and factual issues. In evaluating this factor, we look to "the scope of the pending state court proceedings," Brillhart, 316 U.S. at 495, as compared to the instant declaratory judgment action.

As discussed above, we find that because the two actions present distinct legal and factual questions, the federal action is not duplicative of the state action. As such, we need not be concerned with the effect of res judicata on the state court proceedings. Furthermore, we will not be wasting judicial resources or permitting piecemeal litigation by exercising jurisdiction over the declaratory judgment action. Consequently, this factor also weighs in favor of the denial of the motion to dismiss.

**D. Other Factors**

Westfield's declaratory judgment action is based entirely upon Pennsylvania law; there are no federal questions presented. As such, there is no special call for a federal forum in this case. See Summy, 234 F.3d at 136 ("The desire of insurance companies and their insured to receive declarations in federal court on matters of purely state law has no special call on the federal forum."). Neither, however, are there any "strong factors militating against the exercise of jurisdiction," id., in this case, such as issues of unsettled state law.

"[W]here the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions." Id. at 135. In Summy, the issue of state law at the heart of the declaratory judgment action was yet to be resolved by the state courts. Id. By contrast, the law pertaining to the dispute in this case — the issue of permissive use of a vehicle — is well-established in Pennsylvania. See, e.g., Adamski v. Miller, 681 A.2d 171, 174 (Pa. 1996) ("In speaking to the issue of whether a third-party's actions are covered under another's insurance policy, this Court has stated: 'the operator must be shown to have obtained possession of the car lawfully and with permission express or implied, of the named [insured]; if there is a complete lack of permission to use the car for any purpose, the operator is

8

clearly not within the coverage of the policy.'" (quoting <u>Brower v. Emp'r's Liab. Assurance Co.</u>, 177 A. 826, 828 (Pa. 1935))). As other courts in this district have noted, this Court "is perfectly capable of applying Pennsylvania law, as it frequently does under its diversity jurisdiction." Allstate Ins. Co. v. Century Indem. Co., No. 06-4373, 2007 U.S. Dist. LEXIS 39370, at *7 (E.D. Pa. May 30, 2007).

In light of the factors to be considered in all declaratory judgment cases, as well as the factors discussed above that pertain to insurance coverage cases in particular, and with no overriding factors counseling against the exercise of jurisdiction, we will deny the Chesna Defendants' motion to dismiss.

## IV. CONCLUSION

For the reasons stated above, the Chesna Defendants' motion to dismiss for lack of subject-matter jurisdiction is denied.

An appropriate order follows.